NOONAN, Circuit Judge,
dissenting:
This case was begun by Dicey, a prison inmate, acting pro se. Five days before trial including Thanksgiving, counsel was appointed for him. The case was tried before a magistrate judge. On appeal, the law firm of Orrick, Herrington & Sutcliffe volunteered to act as pro bono counsel and has rendered superior service to its client and the court.
The magistrate judge excluded in its entirety a report by the Inspector General of California on state prisons. Doing so, the magistrate judge misread Lee v. City Of Los Angeles, 250 F.3d 668 (9th Cir.2001).
Lee stands for the proposition that a court may take judicial notice of the fact that a hearing was held, the fact that a waiver of a right was signed by the plaintiff, and the fact that the waiver was signed under as alias. Lee, 250 F.3d at 690. Applying Lee, the court should have permitted the admission of the Inspector General’s report establishing that an audit had been made of High Desert Prison, signed by the Inspector General and by the Warden and Health Care Manager of the prison.
Dicey could then have cross-examined the warden on the audit’s criticism of High Desert, criticism disputed by the defense. It is true, as the defense might have argued, that the audit had taken place in 2001 and could have been out-of-date by the time of Dicey’s falls. But the audit’s timeliness was not to be determined by the magistrate judge. In a case where a prisoner was seeking to persuade a jury of mistreatment by his custodians, any confirmation of his claims coming from impartial state officials was precious. Dicey is entitled to a new trial with opportunity to use the audit.